IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NOEL GARCIA,
    Plaintiff
    v.
JOHN E. WETZEL, SECRETARY OF
THE DEPARTMENT OF CORRECTIONS,
et al.,
    Defendants

:Case No. 3:12-cv-68-KRG-KAP

## Report and Recommendation

### Recommendation

Pending is defendant's motion to dismiss, docket no. 18. It should be granted.

### Report

Garcia is an inmate at S.C.I. Albion, serving a 22-45 year sentence. He was formerly held at S.C.I. Somerset where, on March 25, 2010, his fellow inmate Christopher Reid was assaulted and seriously injured. Corrections officials believed Garcia to be responsible for Reid's injuries, and accordingly issued a disciplinary citation against Garcia. Garcia denied responsibility for the attack on Reid, but after a hearing on April 19, 2010, Garcia was found guilty and sentenced to 90 days in the RHU. The Pennsylvania Department of Corrections has an administrative appeals system for appeals of disciplinary sanctions, set out at DC-ADM 801. Garcia pursued his appeal rights through the administrative appeals system, but was unsuccessful.

Garcia was also eventually assessed a portion of the cost of medical care for Reid, who had been life-flighted to a nearby hospital for emergency treatment. Assessment of costs, also under

DC-ADM 801, is done in Pennsylvania at what is called a "*Holloway* hearing," after Holloway v. Lehman, 671 A.2d 1179 (Pa.Cmwlth.1996). See Burns v. Pennsylvania Department of Corrections, 544 F.3d 279 (3d Cir.2008). At Garcia's *Holloway* hearing on July 15, 2010, the hearing officer found that Garcia's inmate account should be assessed $10,119.41, for the cost of medical care to Reid. Garcia appealed this assessment using the Pennsylvania Department of Corrections' administrative appeals system, but was unsuccessful in this appeal as well. Garcia then filed a petition for review in Pennsylvania's Commonwealth Court, which was quashed as untimely filed on May 31, 2011. Garcia v. Department of Corrections, 989 CD 2011 (Pa.Cmwlth. May 31, 2011), reconsideration denied. Approximately a year later, Garcia filed his complaint in this court.

Construing Garcia's complaint, docket no. 3, brief in support, docket no. 4, and response to the motion to dismiss, docket no. 22, liberally, Garcia can be considered to be making the claims that: 1) the disciplinary misconduct hearing failed to prove his guilt beyond a reasonable doubt; 2) the misconduct hearing and the *Holloway* hearing improperly relied on hearsay both to find Garcia guilty and to determine the level of reimbursement, 3) the misconduct hearing and the *Holloway* hearing hearing officers erred in failing to accept Reid's affidavit exonerating Garcia.

2

Garcia named as a defendant virtually every employee of the Pennsylvania Department of Corrections connected with the disciplinary hearing or the *Holloway* hearing. After screening under 28 U.S.C.§ 1915A, and without objection from Garcia, I ordered the complaint served solely on defendant Wetzel as the Secretary of the Pennsylvania Department of Corrections, because only injunctive relief would have been appropriate. The defendant waived service, and, attaching the administrative record, moved to dismiss. docket no. 18, docket no. 19. Garcia filed a response. docket no. 22.

First, disciplinary sanctions affecting the length of a sentence require basic due process, Wolff v. McDonnell, 418 U.S. 539 (1974), and substantively are valid if there is "some evidence" to support them. Superintendent v. Hill, 472 U.S. 445, 455, (1985) For a disciplinary sanction that neither lengthens the term of imprisonment nor represents a "severe and atypical" worsening of the conditions of confinement already inherent in incarceration, not even "some evidence" is necessary because no hearing is necessary. Sandin v. Conner, 515 U.S. 472, 484 (1995). See e.g. See Griffin v. Vaughn, 112 F.3d 703 (3d Cir.1997) (inmate placed in administrative segregation for 15 months without hearing deprived of no interest protected by Due Process Clause); Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir.2002)(seven months in disciplinary confinement did not implicate a liberty interest);

Jones v. Baker, 155 F.3d 810, 813 (6th Cir.1998) (confinement in administrative segregation for two and one-half years is not atypical), cited with approval in Fraise v. Terhune, 283 F.3d 506, 523 (3d Cir.2002). Compare Shoats v. Horn, 213 F.3d 140 (3d Cir.2000) (eight years in solitary is atypical and requires regular review hearings); Brown v. Department of Corrections, 2007 WL 4322980 (W.D.Pa.2007) (assuming three and one-half years in administrative segregation triggers a due process interest in a hearing), affirmed on other grounds, 265 Fed.Appx. 107 (3d Cir.2008). Garcia's disciplinary sanction of 90 days in the RHU, because it did not affect the length of his sentence, did not require a hearing at all, much less proof beyond a reasonable doubt.

Second, there is no bar to use of hearsay evidence even in a hearing required under Wolff v. McDonnell, because there is no constitutional right to confrontation of the prosecution's evidence. Baxter v. Palmigiano, 425 U.S. 308, 321-22 (1976). In fact, the reported cases are replete with statements to the contrary explaining that because of the danger of retaliation or intimidation an inmate's right even to present evidence in his own behalf can be circumscribed. See e.g. Ponte v. Real, 471 U.S. 491 (1985). It would be astonishing to imagine that the Due Process Clause nevertheless bans hearsay evidence in hearings not even required under that Clause, or that hearsay, though permitted in

4

a disciplinary proceeding that could lengthen Garcia's prison sentence, is not permitted in a *Holloway* hearing that cannot even result in a civil judgment and that can only affect Garcia's access to some of the money Garcia has chosen to deposit in his inmate account.

Third, this and other federal courts do not sit as an appellate court to the Pennsylvania administrative appeals system. I am aware of a student note to the contrary, Marianne Sawicki, <u>Empathy for the Devil: How Prisoners Got A New Property Right</u>, 116 Penn St.L.Rev. 1209, 1242 (2012)("As a practical effect [of <u>Burns</u>], henceforward any adjudication that so much as hints at confiscation of a prisoner's funds will be ultimately reviewable by an Article III court.") If the procedures employed by Pennsylvania are defective, as the Third Circuit held in <u>Montanez v. Beard</u>, 344 Fed.Appx. 833 (3d Cir.2009) and <u>Burns</u>, this court can review the adequacy of the procedures. <u>See</u> <u>Zinermon v. Burch</u>, 494 U.S. 113 (1990). That is the sum and substance of Garcia's first two claims. The procedures employed in Garcia's case were not defective.

Garcia's third claim is that because he is not in fact guilty of assaulting Reid, no money should ever be deducted from his account. This court cannot sit in judgment of that decision. Garcia alleges no facts from which anyone could conclude the procedures used by the Pennsylvania Department of Corrections in

5

either hearing in this matter were improper. As such, this court has no power to consider the particular claim that the *Holloway* hearing hearing officer should have found in Garcia's favor because Garcia was able to obtain an affidavit from Reid saying Reid was sure Garcia was not guilty.

But if this court did have that power, Garcia would have procedurally defaulted his challenges to the *Holloway* hearing for at least two reasons: he did not assert any hearsay objection to the medical billing at the hearing itself, and he defaulted his appeal entirely by filing it out of time in the Commonwealth Court. Garcia also asserts in conclusory fashion that the testimony at the *Holloway* hearing violated Pennsylvania "procedure, directives, and regulations," docket no. 3 ¶18, but even if fleshed out, this court does not sit to review the adequacy of Pennsylvania's compliance with its own law. See <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 106 (1984)("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.")

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written

objections to this Report and Recommendation. Any further amendment of the complaint is denied as inequitable.

DATE: 1/11/13

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Noel Garcia HQ-9129
    S.C.I. Albion
    10745 Route 18
    Albion, PA 16475-0001